**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**STEPHAN RASHE BOARD,**

**Plaintiff,**

**v.** **Case No. 25-C-1945**

**CLAYTON HOUSLER et al.,**

**Defendants.**

---

## DECISION AND ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT

---

Plaintiff Stephan Rashe Board is currently incarcerated at Waupun Correctional Institution and representing himself in this 42 U.S.C. § 1983 case. He is proceeding on an Eighth Amendment excessive force claim against CO Clayton Housler; an Eighth Amendment failure to protect claim against CO John Reynolds, Cora Mcelroy, Lt. Nicholas Knaub, and CO Housler; and an Eighth Amendment deliberate indifference claim against Nurse Theresa Welcher. This matter comes before the Court on CO Reynolds, Mcelroy, Lt. Knaub, and CO Housler's (the State Defendants) motion for partial summary judgment and Nurse Welcher's motion for summary judgment on the ground that Plaintiff failed to exhaust the available administrative remedies. For the following reasons, the motions will be granted.

## BACKGROUND

In this lawsuit, Plaintiff alleges that CO Housler used excessive force against him by kicking Plaintiff in the face while CO Housler was trying to break up a fight between Plaintiff and two other inmates on July 29, 2025. Plaintiff also asserts that CO Reynolds, Mcelroy, Lt. Knaub, and CO Housler failed to secure the inmates Plaintiff was fighting with and allowing one of those

inmates to attack Plaintiff shortly after the fight. Finally, Plaintiff claims that Nurse Welcher was deliberately indifferent when she failed to provide Plaintiff adequate medical care after the two incidents.

Plaintiff filed one inmate grievance related to the events of July 29, 2025. He filed an inmate complaint, WCI-2025-11853, on August 8, 2025, which was received August 12, 2025. Plaintiff stated his "one issue" was that "I was kicked in the mouth during a fight with two other inmates by a C.O. Housler investigating." Dkt. No. 42-2 at 11. He described the details surrounding the complaint as follows:

> On 7-29-25 there was a fight in the NW bathhouse (me) I was fighting with two other inmate(s) trying to help a friend who was in the process of being jumped and was fighting one guy when the other start[ed] hitting me. I got the other guy who started hitting me to the ground and put him into a chokehold. C.O. Housler was yelling for us to stop fighting. When it was a lot going on he OC'd me in the eyes and blinded me. I kept my chokehold on the inmate because I didn't feel safe letting him go. The next thing I knew I felt a very hard impact to the mouth and jaw. At the time I thought the other inmate was hitting me trying to get me off of his friend. I kept my chokehold till the inmate was asleep then I released him and was cuffed by another officer. The officer also admit to kicking me in the face in the CR #00473490. I didn't know till the Lt. Cook served me the ticket on 7-31-25. I was not seen by the nurse for my swelling top and bottom lip and sore jaw till I ask Sgt. Baur to get the nurse. No pictures was taken even though C.O. and Lt. knew I was kicked in the face. I was only examined thru the cell door and given one days ice for my lips and jaw. Also wrote the business office for bathhouse video and bodycam.

*Id.* at 11, 13. On August 14, 2025, Plaintiff's grievance was returned to him because he did not attempt to resolve the issue before filing his grievance. *Id.* at 22.

On August 18, 2025, Plaintiff resubmitted his August 8, 2025, grievance with another inmate grievance form. Plaintiff stated that the "one issue" of the complaint was "Excessive force. I was kicked in the mouth and jaw area during a [fight] with two other inmates by a C.O. Housler. Investigation!" *Id.* at 15. He described the details surrounding the complaint as follows:

> On 7-29-25 there was a fight in the NW bathhouse (me). I was fighting with two other inmates trying to help a friend who was in the process of being jumped. I was fighting one guy when the other started hitting me. I got to my feet and got him on the ground and was able to put him in a chokehold. C.O. Housler was yelling for us to stop fighting when I was OC'd in the eyes, which blinded me. I put my back against the wall and sat down. Next thing I know I felt a hard impact to the face, mouth, and jaw area. Me thinking it's the other guy trying to help his friend, I didn't let him go till I felt safe or he was asleep. Then I release him. I was handcuffed by C.O. Reynolds. While I was being led out the bathhouse cuffed and still blinded by the OC spray, they allowed the #2 inmate I was fighting [to] take a couple swings off on me then was able to go back to his cell as if it didn't happen. It only cause of a white shirt reviewing the video of the bathhouse. C.O. Housler admitted to kicking me in the face in the Conduct Report #473490. Also I didn't know the C.O. kicked me in the face till I was served the CR by Lt. Cook on 7-31-25. I was not asked nor seen by the nurse till Sgt. Baur came down a range. I asked him to get the nurse. She was escorted to the front of A117. I explained that my lips was swelling. I was given one day of ice. No pictures were taken even though C.O.s knew I was kicked in the face and nothing was done. I know also all corrections officers are trained to not use their feet but to get hands. Him using his foot to pull my arm from around the inmate neck makes no sense at all and I wasn't trying to kill the guy. That's the excuse he used for why he kicked me in the face.

*Id.* at 15, 17. Plaintiff does not dispute that he did not file any other inmate complaint related to his lawsuit.

The inmate complaint examiner (ICE) received the grievance on August 19, 2025. The ICE's brief summary of the complaint stated, "Complains of excessive force by C.O. Housler." *Id.* at 2. The ICE recommended dismissal of the grievance. The ICE explained, "Because the allegations raised in this complaint have already been brought to the attention of supervisory staff and are already under review, there is no need for the ICE to conduct a simultaneous investigation within the Inmate Complaint Review System." *Id.* The reviewing authority dismissed the grievance, reasoning that the action is being reviewed by the Security Director per normal protocol. *Id.* at 4.

Plaintiff submitted an inmate complaint appeal on August 31, 2025. He stated:

> I'm not satisfied because I felt like the whole thing was rushed. The ICE department telling me that the incident is being reviewed but the security director said that all

> use of force is being reviewed. I asked for the security director review decision and I'm getting no answers, so I would [like] the CCE and Secretary to investigate and make a proper decision on incident at hand and all other problems. Please and thank you!

*Id.* at 28. Plaintiff submitted a second inmate complaint appeal on September 8, 2025, which was received by the institution on September 15, 2025. He wrote:

> I'm not satisfied with the investigation cause they didn't do an investigation on excessive force. I been sending request slips to the Security Director Beck but I got no reply from him. I would like the CCE/the Secretary decision and an investigation into the excessive force incident by C.O. Housler and come to the proper decision. Also this is my 2nd appeal form.
>
> This is my 2nd appeal forms. The first one was sent out over a week ago. This is my second one. I have a feeling you guys may not have the first one, so I wrote another. I would like an investigation into the excessive force used by C.O. Housler. Thank you!

*Id.* at 50, 52. The corrections complaint examiner (CCE) recommended dismissing the appeal. She reasoned, "The institution addressed the complaint. As indicated, the matter was reviewed after the incident by supervisor staff." *Id.* at 6. The Office of the Secretary dismissed the appeal. *Id.* at 7.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*,

612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

Under the Prison Litigation Reform Act (PLRA), "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances." *See Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (citation omitted). "The exhaustion requirement is interpreted strictly; thus, a prisoner must comply with the specific procedures and deadlines established by the prison's policy." *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) (internal quotation marks and citation omitted). A prisoner "who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e from litigating." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

Wisconsin has established the Inmate Complaint Review System to review inmate complaints. Wis. Admin. Code § DOC 310.05. Inmates must file an inmate complaint with the inmate complaint examiner within 14 days of the relevant occurrence giving rise to the complaint. § DOC 310.07(2). The inmate complaint examiner shall either reject the complaint or send a

recommendation to the reviewing authority. § DOC 310.10(9). The reviewing authority has fifteen days to make a decision following the receipt of the recommendation or appeal of a rejected complaint. § DOC 310.11(1). An inmate who is dissatisfied with the resolution of his inmate complaint may appeal the decision to the correctional complaint examiner within 14 days. § DOC 310.12. The Secretary shall make a decision within 45 days following receipt of the correctional complaint examiner's recommendation and that decision is final. § DOC 310.13.

The State Defendants argue that Plaintiff never filed any inmate complaints alleging that CO Reynolds, Mcelroy, Lt. Knaub, and CO Housler failed to secure the inmates Plaintiff was fighting with on July 29, 2025, and allowed one of those inmates to attack Plaintiff shortly after the fight. Nurse Welcher also argues that Plaintiff did not file an inmate complaint alleging that she failed to provide sufficient medical care for his injuries after the two altercations that occurred on July 29, 2025. "The PLRA exhaustion requirement ensures that 'a prison has received notice of, and an opportunity to correct, a problem' before being drawn into litigation." *Jackson v. Esser*, 105 F.4th 948, 958–59 (7th Cir. 2024) (quoting *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013)).

In this case, Plaintiff's grievance did not provide notice to the institution about his failure to protect and deliberate indifference claims. Under Wisconsin regulations, inmate complaints must contain "one clearly identified issue." Wis. Admin. Code § DOC 310.07(5). Plaintiff made clear in his grievance that the issue he wanted addressed through the Inmate Complaint Review System was CO Housler's use of excessive force against him. Plaintiff's description of the events that occurred after CO Housler's use of force, including Plaintiff's second altercation with the inmate and the nurse's conduct, was additional context related to the excessive force issue Plaintiff identified. The ICE only addressed the excessive force issue and made no reference to the failure

to protect and denial of medical care issues. In addition, Plaintiff's appeal did not mention the failure to protect and denial of medical care issues, and the CCE and Secretary did not address those issues.[1] Plaintiff asserts that the institution had notice of his claims through the incident reports and separate investigation. But the fact that the Security Director may have been aware of the incident through his investigation does not satisfy the PLRA's exhaustion requirement. *See Pozo*, 286 F.3d at 1024 (noting that a prisoner must "properly take each step within the administrative process" to exhaust administrative remedies). Plaintiff's grievance and appeal did not give the institution notice of his failure to protect and deliberate indifference claims. Therefore, Plaintiff's failure to protect and deliberate indifference claims are unexhausted and must be dismissed without prejudice.

**CONCLUSION**

For these reasons, the State Defendants' motion for partial summary judgment (Dkt. No. 39) and Nurse Welcher's motion for summary judgment (Dkt. No. 43) are **GRANTED**. Plaintiff's failure to protect and deliberate indifference claims are dismissed without prejudice. CO John Reynolds, Cora Mcelroy, Lt. Nicholas Knaub, and Nurse Theresa Welcher are terminated as defendants from this action.

**SO ORDERED** at Green Bay, Wisconsin this 26th day of August, 2026.

William C. Griesbach
United States District Judge

[1] Plaintiff asserts that CCE Davidson's declaration states that Plaintiff's inmate complaint alleged that the HSU failed to provide adequate medical care. While CCE Davidson did declare that Plaintiff's inmate complaint alleged that "the HSU did not provide [Plaintiff] with adequate medical care," Dkt. No. 42 ¶¶ 8–9, her declaration is not an accurate characterization of Plaintiff's grievance.